## TRAVELERS' INS. CO. v. SCHENKEL.*

Circuit Court of Appeals, Eighth Circuit.
November 6, 1929.

No. 8606.

Frank H. Sullivan, of St. Louis, Mo. (James C. Jones, Lon O. Hocker, and James C. Jones, Jr., all of St. Louis, Mo., on the brief), for appellant.

A. Sloan Oliver, of St. Louis, Mo., for appellee.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

WOODROUGH, District Judge. Plaintiff recovered upon an accident policy for death from gunshot wound admittedly self-inflicted, but deemed accidental under the Missouri statute (Rev. St. Mo. 1919, § 6150) because the insured was found to have been insane at the time.

The evidence was that the insured while sane inhaled carbon monoxide gas from the exhaust of his automobile, and was affected to the extent that he had to be revived with a pulmotor. By its general verdict the jury found that deceased's exposure to the gas was not intentional, and the point is settled by the verdict, as no exception is presented to the charge of the court on the issue. After the decedent was revived and left alone in his bed, he got up from his bed, went into an adjoining room where his revolver was, procured the key to the receptacle in which it was kept, unlocked the same, secured the revolver, secured a load for it and placed it in the chamber, placed the revolver at or near his right temple, and pulled the trigger.

*For opinion denying rehearing, see 36 F.(2d) ——.

There were no acts to suggest insanity to one not versed in the effects of monoxide gas poisoning upon the minds and bodies of its victims, and there was some evidence from the insurance company that the deceased was very low in his spirits on account of business matters and a litigation into which he had been drawn. But experts who had made a study of the subject gave it as their opinion that the facts proven show insanity due to the monoxide gas. They say that the worst effects of monoxide gas are upon the brain of the sufferer; that lesions and hemorrhages in the brain are caused thereby; that the memory becomes obliterated; that mania in various forms asserts itself, including the suicidal, and that the gas poisoning causes insanity. They also say that under the proven facts in the case an intention to commit suicide, if formed prior to the poisoning, would not be carried through such gas poisoning as the decedent had suffered, and that the suicide was not committed pursuant to any such previously existing intention if there had been one, but that he was insane when he killed himself. Such being the testimony of the expert witnesses, the court rightly submitted the case to the jury.

■ Complaint is made that the hypothetical question propounded to the expert witnesses on the part of the plaintiff did not embody all the important facts disclosed in plaintiff's evidence. But the exception cannot be sustained, because on further examination of the expert witnesses all omitted facts were called to their attention, and they reiterated their opinion that deceased was insane at the time of his suicide.

■ Error is assigned upon the court's instructions as to insanity. It is appellant's contention that decedent should not have been found insane if he had mentality enough to appreciate the physical consequences of his acts. The court instructed in accordance with the decisions of the Supreme Court in Mutual Life Insurance Co. v. Terry, 15 Wall. (82 U. S.) 580, 21 L. Ed. 236; Charter Oak L. Insurance Co. v. Rodel, 95 U. S. 232, 24 L. Ed. 433; Manhattan Life Ins. Co. v. Broughton, 109 U. S. 127, 3 S. Ct. 99, 27 L. Ed. 878; Ritter v. Mutual Life Ins. Co., 169 U. S. 149, 18 S. Ct. 300, 42 L. Ed. 693; and the decision of the Supreme Court of Missouri in Rodgers v. Travelers' Ins. Co., 311 Mo. 249, 278 S. W. 368. We find that this assignment of error is not well taken.

■ It is also contended that the court failed to properly instruct the jury as to the weight to be given the testimony of the expert witnesses. It appears that the court did admonish the jury that they were not bound by such testimony but should consider it with the other testimony in the case and give it such weight as they thought it justly entitled to, and we are not persuaded that there was any prejudicial error in the instructions on this point.

■ It appearing that there was substantial evidence before the jury sufficient to sustain the verdict, that there were no prejudicial errors in the admission thereof, and that the instructions of the court as a whole were right, the judgment is affirmed.